Clerk's Copy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED UNITED STATES DISTRICT COURT ALBUQUERQUE, NEW MEXICO MAR - 9 1999 Robert M. March CLERK

JOHN W. PAUL,

    Plaintiff,

v.                                                Civil No. 98-690 MV/WWD

STATE OF NEW MEXICO, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss, filed on December 4, 1998 [10-1]. Plaintiff is currently on parole from the state Department of Corrections since July 24, 1998[1] and is represented by counsel in this lawsuit. The forty-one page Complaint is a haphazard and redundant listing of allegations based on violations of federal and state law. After reviewing the Complaint, pleadings and the applicable law, I find that all of Plaintiff's claims should be dismissed, for different reasons, and will address them either separately or by category where appropriate.

*Dismissal of Parties*

The motion to dismiss was filed by counsel for the state Department of Corrections, which is the only party listed in the case caption to have been properly served to date, despite a 90-day extension granted by this Court on November 9, 1998. However, the fact that service has not been effected as to these other parties (thereby warranting dismissal of these parties under Fed.R.Civ.P.12(b)(5)), the failure to serve is almost irrelevant here, considering

---

[1] His parole is effective until January 21, 2013. Resp. to Mot. to Dismiss, Ex. 1.

the bases for dismissal of all of Plaintiff's claims which would effectively preclude Plaintiff from re-filing the claims either as alleged or at all.

Plaintiff's claims for damages against the State of New Mexico, the state Department of Corrections, and various state officials in their official capacity are dismissed with prejudice as barred by the Eleventh Amendment. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Griess v. Colo., 841 F.2d 1042, 1043-44 (10th Cir. 1988). Although the Eleventh Amendment does not bar actions against state officials in their official capacities for prospective, injunctive relief, Hafer v. Melo, 502 U.S. 21, 30 (1991), the kind of relief sought by this Petitioner would not be forthcoming based on a civil rights complaint. See discussion, below. Similarly, claims against named parole board members are dismissed based on absolute immunity for actions taken in performance of those individuals' official duties regarding the granting or denial of parole. See Knoll v. Webster, 838 F.2d 450, 451 (10th Cir. 1988).[2]

*Dismissal of Claims with Prejudice*

Several of Plaintiff's claims fail to state a claim and will be dismissed under Fed.R.Civ.P.12(b)(6). His claim under the Fifth Amendment is dismissed because the due process clause under the Fifth Amendment applies to and restricts only the Federal Government, not state actors. All of the Defendants are state actors, who are subject to the due process clause of the Fourteenth Amendment. United States ex rel. Cole v. Gramley, 750

---

[2] Parole officers who are not members of the parole board, however, are entitled to qualified immunity for decisions involving the revocation of parole or probation. See Russ v. Uppah et al., 972 F.2d 300, 303 (10th Cir. 1992).

2

F.Supp. 1385, 1388 (N.D.Ill.1990); see also Public Utilities Comm'n of D.C. v. Pollak, et al., 343 U.S. 451, 461 (1952) (citations omitted).

Plaintiff's sole basis for alleging racial discrimination under § 1981 is a comment that "Defendants their agents [sic] and employees" stated that Plaintiff was not on parole because his eyes are not blue. Compl., ¶ 168. Generally, mere words do not invade any federally protected right. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). Neither is a stray racial slur sufficient to give rise to an actionable offense. See Davis v. Sancegraw, 850 F.Supp. 809, 813 (E.D.Mo. 1993); Banks v. Klapish, 717 F.Supp. 520, 522 (W.D.Mich. 1989) (general harassment, such as verbal abuse, by a guard to a prisoner is not cognizable under § 1983). Plaintiff does not point to any other evidence that would form the basis of a viable claim, e.g., where the remarks became frequent enough "so as to create an atmosphere of racial tension and hostility" or resulted in any degree of injury to his retained rights. Knop v. Johnson, 667 F.Supp. 467, 505 (W.D.Mich. 1987); cmp., Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (where death threat accompanied by racial epithets which strongly suggested that the prisoner would have been treated differently had he not been black). Because Plaintiff fails to sufficiently allege a claim of racial discriminatory animus, his claims of conspiracy under § 1985 and § 1986 fail as well. See Bisbee v. Bey, 39 F.3d 1096, 1102 (10th Cir. 1994); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) ("in the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985").

To articulate an Eighth Amendment cause of action, Plaintiff must allege facts which show both that the pain or deprivation he suffered was sufficiently serious and that the

3

defendants acted with deliberate indifference. Farmers v. Brennan, 511 U.S. 825, 847 (1994); Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citation omitted). In the Complaint, Mr. Paul states that while he was incarcerated, "Defendants and their agents and employees have failed to provide Plaintiff with the proper medical care," without specifying individual Defendants or describing any conduct or physical injury. Compl., ¶ 40. Further in the Complaint, Plaintiff presents the facts underlying the alleged violation in terms of putting the Plaintiff "in a false light and falsely imprison[ing] Plaintiff." Compl., ¶ 192. These facts do not rise to a level of a viable Eighth Amendment claim, and will also be dismissed with prejudice.[3]

*Claims Not Cognizable Under § 1983*

I agree with Defendants that most of Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 because they challenge the fact or length of his custody. One group of such claims are formed as erroneous or fraudulent miscalculations of good time credits, and allegations of due process violations and discrimination relating to both the calculation and revocation of these credits. See, e.g., Compl. ¶¶ 16-19, 32, 42, 48, 60-67, 91, 143-154, 165-170. Another category goes directly to the fact and duration of Plaintiff's confinement, as reflected also in his repeated requests for release from confinement. See e.g., Compl. ¶¶ 23 33, 46, 49. The third group of claims sprinkled throughout the complaint allege false

---

[3] While incarcerated, Plaintiff filed a civil rights complaint alleging denial of medical care with regard to a back injury. Summary judgment was granted to defendants following an evidentiary hearing. (Civil No. 95-168 - docket # 148). Plaintiff has appealed the decision. It is not clear if the present Eighth Amendment "allegations" are the same as those from the previous case.

imprisonment, Fourth and Sixth Amendments violations, malicious prosecution and retaliation by incarceration. See e.g., Compl. ¶¶ 28, 30, 78, 94, 128-136, 150-154, 184-190, 195-208, 209-211.

A plaintiff may not challenge the constitutionality of his conviction in a suit for damages under § 1983 if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." Heck v. Humphrey, 114 S.Ct. 2364, 2369 (1994). Mr. Paul cannot recover damages for an unconstitutional conviction or imprisonment unless and until he has proven that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. The requirement applies to proceedings that call into question the fact or duration of parole or probation. Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). This the Plaintiff has not done.

Petitioner also cannot seek relief in terms of release from confinement in a § 1983 claim, although he may pursue this relief in a habeas petition. See Aragon v. Shanks, 144 F.3d 690, 692 (10th Cir.) (distinguishing parolee from individual on probation, where credits that could affect the length of a petitioner's sentence would also necessarily affect the length of any concomitant parole and thus such a case would not be moot under a habeas petition), cert denied, 119 S.Ct. 518 (Nov. 16, 1998).[4] Plaintiff concedes that he is still on parole, which places him still in the custody of the institution from which he was released, which means he is

---

[4] The Tenth Circuit noted in Aragon that a petitioner serving a mandatory term of probation, as opposed to parole, could challenge the *fact* of his incarceration under habeas, although a challenge confined solely to its *duration* would be moot. At 692 & n.4.

5

still "serving the remainder of his sentence outside of the prison walls as a matter of grace or mercy." Aragon v. Shanks, 144 F.3d 690, 692 (10th Cir. 1998).

Similarly, Mr. Paul's due process claims interspersed throughout the Complaint challenge the procedures that resulted in revocation and calculation of good time credits. Because Plaintiff seeks a result that necessarily implies the invalidity of the deprivation of his good time credits, these claims are also appropriately brought in a habeas petition but are not cognizable under § 1983. See Janke v. Price, 124 F.3d 216 (10th Cir. 1997).

*Other Claims*

Mr. Paul alleges that while he was incarcerated, "Defendants their [sic] agents and employees have illegally opened his legal mail." Compl. ¶ 43. I assume the allegation is based on First Amendment grounds, although the Complaint does not specify what federal right has been violated. The Complaint also does not identify which of the numerous Defendants -- from the large group which includes parole officers, members of the parole board and wardens -- performed the alleged conduct. This vague allegation does not constitute the required "short and plain statement of the claim" which would show that Plaintiff is entitled to relief under Fed.R.Civ.P. 8(a), and thus will be dismissed with prejudice. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based). Further, I note that Plaintiff has failed to effect service on any of these Defendants other than the entity Department of Corrections, which would warrant dismissal under Fed.R.Civ.P. 12(b)(5) even had Plaintiff stated a valid claim.

Plaintiff alleges claims under state law for assault and battery, Compl., ¶¶ 39-40, and negligent and intentional infliction of emotional distress, Compl., ¶¶ 180-83. Since all of Plaintiff's federal claims are dismissed with prejudice (other than those claims which are dismissed without prejudice because they belong in a habeas petition), I decline to exercise jurisdiction over these claims under 28 U.S.C. § 1367(c)(3). Thatcher Enterprises v. Cache Cty. Corp., 902 F.2d 1472 (10th Cir. 1990) (when federal claim dismissed before trial, even though not insubstantial in the jurisdictional sense, the state law claim will generally be dismissed as well).

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's §1983 claims against the state of New Mexico, the New Mexico Corrections Department, state official Defendants in their official capacity and parole board members, are dismissed with prejudice on grounds of Eleventh Amendment immunity and absolute immunity, as discussed above;

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims for violations of the First Amendment (opening of legal mail), Fifth Amendment, Eighth Amendment, §§ 1981, 1985 and 1986, are dismissed with prejudice under Fed.R.Civ.P. 12(b)(6);

**IT IS FURTHER ORDERED** that all of Plaintiff's claims which challenge the fact and duration of his confinement, including those which are directed toward the calculations of good time and due process claims, are dismissed for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1);

**IT IS FINALLY ORDERED** that Plaintiff's state law claims of negligent and intentional infliction of emotional distress are dismissed on jurisdictional grounds under 28 U.S.C. § 1367(c). The dismissal of Plaintiff's claims for the different reasons as described above disposes of this cause in this Court.

_____
UNITED STATES DISTRICT JUDGE